**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

```
_____
                                )
SI FA LEE,                      )
                                )
          Petitioner,           )
                                )        Civil Action No. 1:21-CV-40092-AK
     v.                         )
                                )
NELSON ALVES,                   )
                                )
          Respondent.           )
                                )
_____)
```

## MEMORANDUM AND ORDER ON
## RESPONDENT'S MOTION TO DISMISS

**A. KELLEY, D.J.**

Petitioner Si Fa Lee[1] filed this petition for writ of habeas corpus, pursuant to 28 U.S.C.A. §2254. This habeas corpus petition originates from the criminal conviction of petitioner, Si Fa Lee ("Mr. Lee"), in Massachusetts Superior Court. [Dkt. 19-1].  In response to Mr. Lee's petition, respondent Nelson Alves[2] ("Respondent") timely moved to dismiss the petition on the grounds that Mr. Lee had not exhausted one of his claims in state court.  The motion is **DENIED,** because the record establishes Mr. Lee made the required showing of exhaustion in state court of each of his two claims in this petition.

---

[1] Mr. Lee is also identified as Sifa Lee on some documents.
[2] Respondent Nelson Alves is an official at the prison where Mr. Lee is serving his sentence.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

Mr. Lee was convicted of first-degree murder, stealing by confining or putting in fear, and armed assault with an intent to murder a person aged sixty or older on May 18, 2016.  [Dkt. 19-1 at 14].  Mr. Lee requested a new trial and appealed his convictions.  [Id. at 15].  The Superior Court denied Mr. Lee's motion for a new trial in April 2018.  [Id. at 16].  On December 12, 2019, the Supreme Judicial Court of Massachusetts ("SJC") affirmed the Superior Court convictions and denial of his motion for a new trial.  [Dkt. 19 ("Mot.") at 2].  Additionally, Mr. Lee filed a motion to vacate, set aside, or otherwise correct his sentence, which was likewise denied in February 2020.  [Dkt. 19-3].  Mr. Lee filed a motion for reconsideration and that too was denied in March 2020.  [Dkt. 19-1 at 17].

On August 31, 2021, Mr. Lee now files this writ of habeas corpus seeking relief.  [Dkt. 1 ("Habeas Pet.")].  On October 14, 2021, Mr. Lee filed an amended petition.  [Dkt. 13 ("Am. Habeas Pet.")].  Mr. Lee's petition is based on two grounds: (1) that his Fifth Amendment due process rights were violated because he was denied an adequate and effective language interpretation at trial; and (2) that trial counsel provided ineffective representation by failing to utilize a skilled interpreter in client meetings over the course of four years that he represented Mr. Lee, thus depriving him of the opportunity to contribute to his own defense.  [Am. Habeas Pet. at 6, 8].

On November 23, 2021, Respondent moved to dismiss this action [Dkt. 18], asserting that Mr. Lee did not exhaust in state court his second claim of ineffective assistance of counsel for inadequate trial interpretation. In his opposition [Dkt. 22 ("Opp.")], filed on January 12, 2022, Mr. Lee asserts that Respondent misinterpreted his petition, and that each of the claims in the

petition were adequately raised in the state courts.

## II.     DISCUSSION

### A.  Standard of Review

When a federal court reviews a habeas corpus claim, it must "ensure that the state courts are sufficiently apprised of a federal claim to have a meaningful opportunity to address that claim." Janosky v. Amand, 594 F.3d 39, 50 (1st Cir. 2010) (quoting Rashad v. Walsh, 300 F.3d 27, 41 (1st Cir. 2002)).  Mr. Lee bears this burden and the "ground relied upon must be presented face-up and squarely; the federal question must be plainly defined." Martens v. Shannon, 836 F.2d 715, 717 (1st Cir. 1988).  The Supreme Judicial Court ("SJC") is the highest court in Massachusetts and a defendant must present its federal claim in question to that court.  See Baldwin v. Reese, 541 U.S. 27, 29 (2004).  A petitioner will satisfy the exhaustion requirement by: (1) citing a federal constitutional provision upon which the relevant claim rests; (2) advancing the claim in a manner that alerts the state court to its federal nature; (3) citing federal constitutional precedents in support of the claim; or (4) alleging a violation of a right specifically protected in the federal Constitution.  Clemens v. Maloney, 48 F.3d 158, 162 (1st Cir. 2007).  In cases where a petitioner makes a state-law claim that relies on federal constitutional law, the petitioner may fulfill the exhaustion requirement by making claims below that rely on analogous state-court precedents.  See id.  A petitioner may also meet this burden by establishing that a state claim is practically indistinguishable from a federal constitutional claim.  Id.

### B. Application

Here, Mr. Lee has sufficiently established that he exhausted each of the claims. Respondent argues that Mr. Lee did not present an ineffective assistance of counsel claim regarding appropriate language interpretation at trial to the SJC. [Mot. at 4]. Therefore, he argues, "petitioner's second claim for habeas relief…is not exhausted." [Id.] In response, Mr. Lee argued that Respondent "misapprehends" his argument, which does not address trial counsel's failure to secure adequate interpretation at trial. Instead, Mr. Lee contends that his argument focuses on the broader concern of his not understanding the "'proceedings against him'…[in] pre-trial preparation and litigation" due to inadequate translation services provided in pre-trial meetings with counsel. [Opp. at 3].

The record indicates that Mr. Lee argued in his SJC briefing that his counsel's failure to provide him with an Taishanese interpreter in more than half of his pre-trial consultations fell below what is "expected from an ordinary fallible lawyer." [Dkt. 19-4 ("SJC Brief") at 56]. Further, Mr. Lee put the SJC on notice of the federal nature of this claim by explicitly stating that the Sixth Amendment of the Constitution "guarantees Mr. Lee's fundamental right to competent counsel." [SJC Brief at 41]; see Clemens 48 F.3d at 162 (requiring petitioners to advance a claim in a manner that puts a state court on nature to its federal element). Likewise, in his habeas briefing here, Mr. Lee has similarly argued that trial counsel did not present him with an appropriate translator in ten of his eighteen pre-trial consultations. [See Opp. at 2-3]. Without these effective pre-trial consultations, Mr. Lee argues that he was unable to adequately assist in the preparation of his defense for trial. [Id. at 3].

Respondent conflates this argument as Mr. Lee attributes his ineffective *trial* translation to deficient performance of counsel, but Mr. Lee's habeas petition does not seek relief on this

ground.  Rather, as both parties address in their motion papers, Mr. Lee holds the court and judge responsible for inadequate interpretation during trial.  [Mot. at 3 and Opp. at 5].  This allegation forms the basis for Claim 1 of Mr. Lee's petition.  Mr. Lee's ineffective assistance of counsel claim, Claim 2, encompasses the pre-trial litigation actions of counsel.  [Am. Habeas Pet. at 15-17].  Although Mr. Lee cites precedent concerning inadequate trial interpretation in his arguments against Respondent's motion, he raises these cases only to demonstrate examples of where courts have found trial counsel failed to communicate, not to recharacterize Claim 2 to encompass counsel's trial performance. [Id. at 16–17].  Rather, Claim 2 does not explicitly fault Mr. Lee's counsel for ineffectively objecting to the trial interpreters used.  It alleges that counsel's general failure to use an interpreter during all pretrial communications, while aware of Mr. Lee's limited understanding of English, violated his Sixth Amendment rights to competent representation.  [Am. Habeas Pet. at 17].  And this allegation was squarely presented to the SJC: as Mr. Lee wrote in his appellate briefing to that court,

> Attorneys McGuire and Andrews began their representation of Mr. Lee in January of 2012. From the start, Mr. Lee's attorneys knew of the language barrier issues. Yet, Mr. Lee sat in jail for more than four years and received only eighteen visits from counsel. Sadly, and measurably below that which might be expected from an ordinary fallible lawyer, of those eighteen visits, an interpreter was present for only eight occasions.

[SJC Brief at 56].

Respondent does not contest that Mr. Lee failed to exhaust Claim 1 in state court.  Thus, because there is comity between Mr. Lee's state and federal habeas pleadings, there are no unexhausted claims for this Court to dismiss.  Therefore, this Court does not need to reach the parties' arguments regarding whether a stay of proceedings pending exhaustion is appropriate.

### III.     CONCLUSION

Because the record does not indicate that either of Mr. Lee's claims for habeas relief was unexhausted in state court, Respondent's motion to dismiss is **DENIED**.  Respondent shall answer Mr. Lee's petition, or move otherwise, within 21 days of entry of this Order.

**SO ORDERED**

September 19, 2022                                          /s/ Angel Kelley
                                                                   ANGEL KELLEY
                                                                   U.S. DISTRICT JUDGE